UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YOLANDA JONES,**

    **Plaintiff,**

v.                                    Case No. 8:22-cv-2445-AAS

**KILOLO KIJAKAZL,**
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

**ORDER**

Plaintiff Yolanda Jones requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' memoranda, the Commissioner's decision is **REMANDED.**

**I.    PROCEDURAL HISTORY**

Ms. Jones applied for SSI on January 8, 2020, alleging an onset of disability on January 1, 2018. (Tr. 288–94). Disability examiners denied Ms. Jones's application initially and on reconsideration. (Tr. 200–02, 211–23). At

1

Ms. Jones's request, the ALJ held a hearing and decided unfavorable to Ms. Jones on October 16, 2020. (Tr. 48–58, 59–81). The Appeals Council denied Ms. Jones's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 8–14). Ms. Jones now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Jones was forty-nine years old on the date of the ALJ's decision. (Tr. 40, 288). Ms. Jones has a high school education and no past relevant work. (Tr. 77, 308). Ms. Jones alleges disability due to fibromyalgia, bipolar disorder, back pain, headaches, and depression. (Tr. 307, 332).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R § 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R § 416.910.

2

her physical or mental ability to perform basic work activities, she does not have a severe impairment and she is not disabled. 20 C.F.R § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R § 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R § 416.920(e). At this fourth step, the ALJ determines the claimant's Residual Functional Capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. 20 C.F.R § 416.920(g).

The ALJ here determined Ms. Jones had not engaged in substantial gainful activity since January 8, 2020, her application date. (Tr. 45). The ALJ found Mr. Jones has these severe impairments: fibromyalgia, bipolar disorder, back disorder, Sjogren's syndrome, anxiety, obesity, and arthritis. (*Id.*). However, the ALJ found Ms. Jones's impairments or combination of

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R § 416.945(a).

impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 46).

The ALJ found Ms. Jones had an RFC to perform light[4] except:

[Ms. Jones] is limited to frequent climbing, balancing, stooping, kneeling, crouching, and crawling. [Ms. Jones] must avoid vibration and pulmonary irritants such as fumes, odors, dust, gases as well as workplace hazards. [Ms. Jones] is limited to frequent bilateral gross and fine manipulation. [Ms. Jones] can understand, carry out, remember, and perform simple routine tasks and instructions with a reasoning level of one or two with occasional interaction with the public, coworkers, and supervisors.

(Tr. 47).

At step four, the ALJ found Ms. Jones had no past relevant work. (Tr. 52). Assisted by a vocational expert, the ALJ then determined Ms. Jones could perform other jobs existing in significant numbers in the national economy. (Tr. 52–53). Specifically, Ms. Jones could perform the jobs of assembler, inspector, and marker. (*Id.*). Thus, the ALJ found Ms. Jones not disabled from January 8, 2020, the application date, through January 10, 2022, the date of

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(6).

the ALJ decision. (Tr. 53).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable

and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.  Issue on Appeal

Ms. Jones argues the ALJ failed to properly analyze her headaches at step two of the sequential evaluation process. (Doc. 16, pp. 3–7). As a result, Ms. Jones argues the ALJ's RFC assessment is not supported by substantial evidence. (*Id.*). In response, the Commissioner contends substantial evidence supports the ALJ's findings at step two and the RFC assessment. (Doc. 18, pp. 4–10).

When a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates the claimant's impairment could

reasonably be expected to produce some pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on her ability to work by considering the objective medical evidence, the claimant's daily activities, treatment, and medications received, and other factors about functional limitations and restrictions due to pain. *See* 20 C.F.R. § 416.929. "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

The ALJ found Ms. Jones's descriptions concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 48). In making this determination, the ALJ failed to adequately address Mr. Jones's complaints and medical records of headaches.

Ms. Jones's headaches are well-documented in the medical record. For example, Ms. Jones complained of headaches on March 21, 2018 (Tr. 392), and "lightheadedness [and] headache" on May 31, 2018 (Tr. 394). Ms. Jones again complained of headaches on September 20, 2018 (Tr. 398), and "chronic pain, fatigue, headaches" on November 15, 2018 (Tr. 401). Ms. Jones complained of headaches on January 31, 2019 (Tr. 404), March 28, 2019 (Tr. 407), June 6,

2019 (Tr. 416), November 4, 2019 (Tr. 425), January 23, 2020 (Tr. 428), and April 2, 2020 (Tr. 431). Headaches were also one of Ms. Jones's chief complaints on July 1, 2020, when she stated she was diagnosed with migraines and rated the pain ten out of ten for severity. (Tr. 449). Ms. Jones went to the emergency room on May 19, 2021, after suffering a twelve-day headache (Tr. 653), and again on September 14, 2021 for "headache, dizziness, intermittent LLE tingling" (Tr. 672). Ms. Jones listed "bad headaches" in her disability report (Tr. 307) and had a prescription for Butalbital for pain (Tr. 362).

The ALJ did not adequately consider the records documenting Ms. Jones's headaches. Although the ALJ found "[Ms. Jones's] statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 48), the ALJ's decision mentions only two headache complaints in connection to Ms. Jones's records. (*See* Tr. 46). The ALJ stated Ms. Jones did not receive regular treatment for headaches and thus determined them to be "transient in nature" and "non-severe." (Tr. 46). However, the ALJ did not consider the headaches for which Ms. Jones did not receive emergency treatment. (*See* Tr. 392, 394, 398, 401, 404, 407, 416, 425, 428, 431, 449, 462, 465).

The ALJ need not identify all severe impairments at step two if he

8

considers all impairments, severe or not, in step three, *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010), and when determining Ms. Jones's RFC, 20 C.F.R. § 416.920(e). The ALJ did not consider all of Ms. Jones's records and complaints of headaches in his RFC determination, the ALJ simply considered "[Ms. Jones's] non-severe headaches and alleged syncopal episodes." (Tr. 51). Based on the ALJ's citations to the record, it appears the ALJ's analysis was limited to only the two complaints that accompanied syncopal episodes. (*Id.*).

The ALJ is ultimately responsible for assessing a claimant's RFC. *Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 743 (11th Cir. 2008). And while a finding of disability does not result from simply having a certain diagnosis, the ALJ must incorporate and account for a claimant's supported impairments when developing an RFC. *Winschel*, 631 F.3d at 1179–81. Here, the ALJ did not adequately consider all of Mr. Jones's headaches and therefore failed to demonstrate why Ms. Jones's records and complaints of headaches and resulting limitations were appropriately excluded from or incorporated into the RFC or hearing hypotheticals. Without adequate consideration of Ms. Jones's headaches, the court is without a basis to determine whether the RFC and decision to deny benefits are supported by substantial evidence. *Id.* Therefore, remanding Ms. Jones's case is warranted.

## IV. CONCLUSION

The Commissioner's decision is **REMANDED.** The Clerk of Court is directed to enter final judgment for the plaintiff and close the case.

**ORDERED** in Tampa, Florida on July 20, 2023.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge